UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EON CORPORATION IP HOLDINGS, LLC,<br><br>Plaintiff,<br>v.<br><br>T-MOBILE USA, INC., ET AL.,<br><br>Defendants. | Case No.: 12-CV-080082-LHK (PSG)<br><br>**ORDER DENYING THIRD-PARTY KINETO'S WIRELESS, INC.'S MOTION TO QUASH AND GRANTING-IN-PART ALTERNATIVE MOTION TO MODIFY**<br><br>**(Re: Docket No. 7)** |

In this patent infringement suit, third-party Kineto Wireless, Inc. ("Kineto") moves to quash and/or to modify a subpoena ad testificandum and duces tecum. Plaintiff EON Corporation IP Holdings, LLC ("EON") opposes the motion. On May 29, 2012, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel, the court DENIES Kineto's motion to quash and GRANTS-IN-PART Kineto's alternative motion to modify.

## I. BACKGROUND

The above action is pending in the Eastern District of Texas, Tyler Division ("*EON v. T-Mobile*").[1] The action was filed on August 4, 2010. EON alleges that Defendants[2] infringe U.S.

---

[1] *EON Corp. IP Holdings, LLC v. T-Mobile USA, Inc., et al.,* Case No. 6:10-cv-379.

[2] Defendants are: T-Mobile USA, Inc., Cincinnati Bell, Inc., Research in Motion Corporation, Nokia Inc., Best Buy Co., Inc., Wal-Mart Stores, Inc., Costco Wholesale Corporation, Overstock.com, Inc., Sears Roebuck and Co., Amazon.com, Inc., Radioshack Corporation, Airvana, Inc., Alcatel-Lucent USA Inc., D-Link Systems, Inc., Intellinet Technologies, Inc., ACME Packet, Inc., Juniper Networks, Inc., Samsung Telecommunications America LLC, Verizon

1
Case No.: C 12-80082 LHK (PSG)
ORDER

Patent No. 5,592,491 (the "'491 Patent"). The '491 Patent discloses and claims systems and methods directed at communication architecture for alternate communication paths. Kineto is not among the defendants named in this action but sells a software product, the Smart Wi-Fi Application, for use exclusively on T-Mobile branded phones.

On October 22, 2010, EON filed another action in the Eastern District of Texas, Marshall Division, alleging that Defendants[3] infringe the '491 Patent.[4] On January 11, 2011, EON amended the complaint to add eight additional defendants, including Kineto.[5] On January 9, 2012, Judge Folsom transferred this action to the Northern District of California and the case was assigned to Judge Chen.[6] A case management conference is scheduled to be held on June 22, 2012.[7] As of the hearing on the pending motion, the parties have not held a Rule 26(f) conference or begun discovery.

On February 24, 2012, EON served Kineto with a Rule 45 subpoena for documents and testimony in the *EON v. T-Mobile* action. Kineto objected to the subpoena because it had not been signed. On March 7, 2012, EON served an amended subpoena for documents and testimony that was signed. On March 13, 2012, Kineto served objections to the amended subpoena.

## II.   LEGAL STANDARDS

Rule 45 provides that any party may serve a subpoena commanding a non-party to attend and give testimony or to produce and permit inspection and copying of documents.  Upon a timely

---

Communications doing business as Verizon Wireless and Cello Partnership doing business as Verizon Wireless.

[3] Defendants are: Sensus USA, Inc., Aruba Networks, Inc., Broadsoft, Inc., Cicero Networks Limited, Clavister AB, IP.Access, Inc., Juni America, Inc., Cisco Systems, Inc., Mavenir Systems, Inc., Meru Networks, Inc., Sercomm Corporation, Sonus Networks, Inc., Sprint Nextel Corporation, Advanced Metering Data Systems, LLC, Stoke, Inc., and Tatara Systems, Inc.

[4] *EON Corp. IP Holdings, LLC v. Sensus, USA, Inc.*("*EON v. Sensus*"), Case No. 10-448.

[5] Because Kineto asserted that its Smart Wi-Fi Application is used exclusively on T-Mobile branded phones, EON offered to transfer Kineto from the *EON v. Sensus* action to the *EON v. T-Mobile* action. Kineto declined EON's offer.

[6] *See* Docket No. 341. Upon transfer to the Northern District of California, the case was assigned a new case number, Case No. 12-1011 EMC.

[7] *See* Docket No. 350.

2

Case No.: C 12-80082 LHK (PSG)
ORDER

motion, the court must quash or modify the subpoena for any one of the reasons set forth in Rule 45(c)(3)(A), such as the subpoena "requires disclosure of privileged or other protected matter and no exception or waiver applies" or it "subjects a person to undue burden." A Rule 45 subpoena is subject to the relevance requirements set forth in Rule 26(b).[8] "Although the party who moves to quash has the burden of persuasion under Rule 45(c)(3), the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings."[9]

### III.   DISCUSSION

In the *EON v. Sensus* action, the parties have not yet held a Rule 26(f) conference and Rule 26(d) prohibits discovery until then. Kineto claims that EON seeks to obtain discovery from Kineto in this *EON v. T-Mobile* action to circumvent this constraint. In support of its position, Kineto presents three primary arguments.

Kineto first argues that EON should not be permitted to subject Kineto to the burdens of a broad subpoena seeking information regarding its software when EON also intends to subject Kineto to discovery for the same software as part of EON's case against Kineto.

Kineto next argues that EON should not be allowed to undermine the patent local rules by attempting to treat Kineto as a third party. In this district, after the case management conference is held, the patent local rules require that EON identify each of the patent claims it will assert, each accused product and provide a chart showing how the accused products meet the claim elements.[10] According to Kineto, it would not have to produce any of the requested information until after EON provided its infringement charts. Allowing EON to deviate from the procedure prescribed in the patent local rules is unfair, says Kineto, because EON would then have the opportunity to tailor its infringement contentions on premature discovery.

---

[8] *See Compaq Computer Corp. v. Packark Bell Elecs.,* 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) ("Obviously, if the sought after documents are not relevant nor calculated to lead to the discovery of admissible evidence, then *any burden whatsoever* imposed . . . would be by definition undue.").

[9] *Monge v. Maya Magazines, Inc.,* No. 2:10-CV-00230-RJC-PA, 2010 WL 2776328, at *4 (D. Nev. Jul. 14, 2010) (internal quotations and citations omitted).

[10] *See* Pat. L.R. 3-1.

Finally, Kineto argues that the discovery sought should be obtained from the defendants in the *EON v. T-Mobile* action. Doing so will avoid imposing an undue burden on Kineto. Otherwise Kineto considers the subpoena unduly broad, overbroad, overly vague, and unduly burdensome.[11] Kineto also argues that EON has failed to provide Kineto with reasonable time to comply.

EON responds as follows: (1) the subpoena seeks discovery that is undeniably relevant to this *EON v. T-Mobile* action, including the development, testing and operation of Kineto software, Kineto's Wireless's Smart W-Fi Gateway software, Kineto's Smart Wi-Fi Application and products, and the functionality of Kineto's Smart Wi-Fi Application on T-Mobile devices; (2) the information sought cannot be obtained from the defendants; and (3) EON has provided a proposed modified subpoena limited to information about Kineto's Smart Wi-Fi Application sold for use in conjunction with the T-Mobile branded dual-mode devices that are specifically at issue in the above action.

As to this latter point, EON has agreed to the following modifications to the subpoena:

- Corporate testimony on the development, testing and operation of Kineto's Smart Wi-Fi Application may be limited to only the application as used on T-Mobile branded-dual-mode devices;
- No discovery related to Kineto's Smart Wi-Fi Gateway need be produced;
- Corporate testimony and documents regarding the compliance of Kineto's Smart Wi-Fi Application may be limited to only the application as used in T-Mobile branded dual-mode devices;
- Corporate testimony and documents regarding Kineto's Smart Wi-Fi Application may be limited to the extent that the application enables communication over alternate paths;

---

[11] Without providing any specific dollar amounts or a better estimate of time that would be required of its employees, Kineto only notes that its burden in complying with the subpoena would be an "extreme" one. Declaration of Martin Hernandez, ("Hernandez Decl."), ¶ 4. Kineto states that the search would be expensive, totaling "many thousands of dollars in attorneys' fees and/or vendor costs," and "[s]uch a search would be very time-consuming." *Id.* at ¶¶ 6-7. "Kineto has only 34 employees world-wide [and] has not hired any employees for the purpose of conducting this kind of search." *Id.* "Conducting such a search would take Kineto employees' time away from their normal business activities." *Id.* "The time required for such a search would harm Kineto's business." *Id.*

4

Case No.: C 12-80082 LHK (PSG)
ORDER

- Discovery regarding instructions given by Kineto regarding its Smart Wi-Fi application may be limited to the application as used on T-Mobile branded dual-mode mobile devices;

- Only documents evidencing contracts or agreements to use Kineto's software on T-Mobile branded dual-mode mobile devices need be produced;

- Discovery may be limited to only the time periods during which the patent could be infringed; and

- No discovery need be produced regarding "similar" hardware or software products.

On balance, the court is not persuaded that quashal is warranted. In the *EON v. Sensus* action, Judge Chen has scheduled a case management conference for June 22, 2012. It is true that Rule 26(d) provides that parties may not seek discovery until they have held a Rule 26(f) conference. But a Rule 26(f) conference must be held as soon as practicable – and in any event, at least 21 days before the case management conference. Because the case management conference will be held on June 22, a Rule 26(f) conference must be held no later than June 1, 2012, which is – as it turns out – today. In light of the date by which the Rule 26(f) conference may be held, if it has not been held already, Kineto's objections to the subpoena on the grounds that EON seeks to circumvent Rules 26(d) and (f) appears to be moot.[12]

Because EON now has limited the scope of its subpoena to Kineto's Smart Wi-Fi Application sold for use in conjunction with T-Mobile branded dual-mode devices, the court finds that EON's requested discovery, with two exceptions noted below, is appropriate. Kineto has not shown any undue burden beyond mere speculation and attorney argument. No later than June 22, 2012, Kineto shall comply with the proposed modified subpoena, except as it seeks discovery related solely to Kineto's internal testing and development or discovery that pre-dates T-Mobile's

---

[12] The court finds no support in the Patent Local Rules for Kineto's claim that it need not respond to <u>any</u> discovery in the *EON v. Sensus* action until after infringement charts are served. Kineto cites to no such rule or case law supporting this notion. While Pat. L.R. 3-4 requires production of certain information and materials even without a request when invalidity contentions are served, Pat. L.R. 2-5 clearly states that with certain exceptions not applicable here, discovery upon request may not be objected to as premature in light of the Patent Local Rules.

5
Case No.: C 12-80082 LHK (PSG)
ORDER

1  alleged date of first infringement by use of Kineto's software. EON has failed to demonstrate how
2  these excepted categories sufficiently relate to its claims in this *EON v. T-Mobile* action.
3  **IT IS SO ORDERED.**

Dated: 6/1/2012

PAUL S. GREWAL
United States Magistrate Judge

6

Case No.: C 12-80082 LHK (PSG)
ORDER